Lower Tribunal No.: F78-5281A.
Prior report: 474 So.2d 796.
Manuel Valle, a prisoner under sentence of death and for whom a death warrant has been signed, appeals the summary denial of his amended successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.851. On June 30, 2011, the Governor signed a death warrant, and Valle’s execution was set for August 2, 2011. Valle sought postconviction relief in the circuit court, raising several claims, including a challenge to the June 8, 2011, protocol for lethal injection issued by the Department of Corrections (DOC), which replaced the first drug in its three-drug protocol, sodium thiopental, with another drug, pentobarbital sodium (pentobarbital). Among other things, *526 Valle challenged the efficacy of pentobarbi-tal as an anesthetic to induce unconsciousness. As we explained in Lightbourne v. McCollum, 969 So.2d 326, 351 (Fla.2007), “[i]f the inmate is not fully unconscious when either pancuronium bromide or potassium chloride [the second and third drugs in the protocol] is injected, or when either of the chemicals begin to take effect, the prisoner will suffer pain.”
The Court has determined that Valle’s claim as to the use of pentobarbital as an anesthetic in the amount prescribed by Florida’s protocol warrants an evidentiary hearing. We conclude based on Dr. David Waisel’s expert report and affidavit, as well as the allegations in Valle’s amended 3.851 motion, that Valle has raised a factual dispute, not conclusively refuted, as to whether the use of pentobarbital in Florida’s lethal injection protocol will subject him to a “substantial risk of serious harm.” Baze v. Rees, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality opinion). In order to carefully consider this claim, we grant Valle’s motion for stay, in part. This matter is stayed until 5:00 PM, September 1, 2011, absent further order of the Court.
Accordingly, we hereby temporarily relinquish jurisdiction to the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, until Friday, August 5, 2011, for the narrow purpose of holding an eviden-tiary hearing solely on Valle’s claim regarding the efficacy of pentobarbital as an anesthetic in the amount prescribed by Florida’s protocol. This includes factual allegations raised by Dr. Waisel in his expert report and affidavit concerning this discrete issue alone. We further direct the DOC to produce correspondence and documents it has received from the manufacturer of pentobarbital concerning the drug’s use in executions, including those addressing any safety and efficacy issues. In this relinquishment proceeding, Valle shall not be permitted to relitigate or raise any other claims.
Upon the conclusion of the evidentiary hearing; the circuit court shall enter a written order as to Valle’s claim on the efficacy of pentobarbital as an anesthetic. The hearing shall be concluded and the order entered no later than 2:00 PM, Friday, August 5, 2011. Upon issuance of the circuit court’s order, the circuit court clerk shall immediately transmit a copy of the order to this Court. The circuit court clerk shall file a record of the entire relinquishment proceeding, including transcripts, with this Court no later than 2:00 PM, Friday, August 12, 2011. The record resulting from the above relinquishment proceeding shall reflect “supplemental record volume II, etc.” and page numbering should start with page 48 and run consecutively. Per this Court’s Administrative Order In Re: Mandatory Submission of Electronic Copies of Documents, AOSC04-84, dated September 13, 2004, the court reporters are directed to transmit a copy of any transcripts, in addition to paper copies, in an electronic format as required by the provisions of that order. An electronic version of the circuit court’s order and the transcripts shall be submitted to the following e-mail address: warrant@ flcourts.org.
Thereafter, the parties are directed to file supplemental briefs limited solely to issues raised during the relinquishment proceedings regarding the efficacy of pen-tobarbital as an anesthetic in the amount prescribed by Florida’s protocol. The supplemental initial brief shall be filed no later than 2:00 PM, Friday, August 12, 2011. The supplemental initial brief shall be limited to 50 pages. The supplemental answer brief shall be filed no later than 2:00 PM, Wednesday, August 17, 2011. The supplemental answer brief shall be *527 limited to 50 pages. The supplemental reply brief shall be filed no later than 2:00 PM, Friday, August 19, 2011. The supplemental reply brief shall be limited to 25 pages. NO MOTION FOR ENLARGEMENT OF THE BRIEFS SHALL BE CONSIDERED. Filing of the above briefs to this Court and to opposing counsel shall be via e-mail to the following address: warrant@flcourts.org. Oral argument, if necessary, shall be held on Wednesday, August 24, 2011, at 9:00 AM.
This Court shall defer ruling on the remainder of the issues raised on appeal until after the conclusion of the relinquishment proceedings and receipt of the supplemental record.
PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., dissents with an opinion, in which LEWIS and POLSTON, JJ., concur.